IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STATE OF UTAH,<br><br>           Plaintiff,<br><br>v.<br><br>SHAWN CHRISTOPHER RICKS,<br><br>           Defendant.<br><br>In the Matter of the State Court Motion to Compel Compliance with a Subpoena Against the UNITED STATES SOCIAL SECURITY ADMINISTRATION.<br><br>           Respondent. | MEMORANDUM DECISION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS<br><br><br>Case No. 2:16-CV-462 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on the United States Social Security Administration's ("Social Security") Motion to Dismiss.

I.  BACKGROUND

In the underlying state court criminal proceeding, Defendant Ricks served a state court subpoena on Social Security for the production of Ami Hine's Social Security Disability records, a non-party to the suit.  Social Security advised Defendant that it could not comply with the subpoena under current federal regulations.  Defendant moved to compel Social Security to comply with the subpoena.  Social Security then removed Defendant's state court motion to compel pursuant to 28 U.S.C. § 1442(a) and is now seeking to dismiss that motion.

## II.  DISCUSSION

Social Security argues the state court lacks jurisdiction against it under the doctrine of sovereign immunity absent its waiver.  Once the case was removed to federal court, Social Security argues that this Court's jurisdiction is derivative in nature and does not exist if the state court from which the action was removed lacked jurisdiction.  Therefore, Social Security contends that this Court inherited the state court's lack of jurisdiction and cannot compel production.  Thus, Social Security requests this Court dismiss the state court motion to compel.

Defendant does not dispute that this Court has derivative jurisdiction, but instead argues that the state court does have jurisdiction to compel Social Security to comply with the subpoena because it argues the doctrine of sovereign immunity is subject to the compulsory process clause under the Sixth Amendment.  Specifically, Defendant argues that the United States Supreme Court case, *United States ex rel Touhy v. Ragen*,[1] does not apply to state criminal prosecutions, and therefore, does not allow Social Security to refuse compliance with its subpoena request.

In refusing to produce documents, Social Security cites to federal regulations that prohibit the disclosure of information or the production of records without the subject individual's approval or absent another exception as set forth at 20 C.F.R. parts 401–403.  These regulations were promulgated under the current "housekeeping statute," 5 U.S.C. § 301, which authorizes federal agencies to "prescribe regulations" regarding "the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property."[2]  Under *Touhy*, the United States Supreme Court recognized the

---

[1] 340 U.S. 462 (1951).

[2] 5 U.S.C. § 301.

authority of federal agencies to promulgate these types of regulations under the housekeeping statute, then codified at 5 U.S.C. § 22.  The Court held in *Touhy* that a federal employee could not be held in contempt for refusing to comply with a subpoena duces tecum when he was prohibited from doing so under the relevant federal regulations.

Here, Defendant has not followed the procedure for requesting records pertaining to Ami Hines as set forth under the relevant regulations.  Instead, Defendant sought an order from the state court to compel production.  Under 20 § C.F.R. 401.180(d), the state court is not considered a "court of competent jurisdiction" for this purpose.

Defendant does not dispute that the doctrine of sovereign immunity applies to Social Security as an agency of the federal government or that this Court has derivative jurisdiction over the matter.[3]  Rather, Defendant argues that the Sixth Amendment supersedes sovereign immunity and claims that *Touhy* is inapplicable in underlying state criminal proceedings. However, in cases analogous to this one, where a subpoena is issued against a federal agency in an underlying state criminal proceeding, federal courts have held that *Touhy* applies and that the agency cannot be compelled to comply.[4]  Defendant attempts to distinguish these cases but does so unpersuasively.  For instance, Defendant argues that the court in *Smith v. Cromer* failed to adequately consider a defendant's right to compulsory process under the Sixth Amendment and whether *Touhy* applied to criminal prosecutions.  However, the court in *Smith* noted the

---

[3] A*rizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) ("[I]t is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal even though the federal court would have had jurisdiction if the suit had originated there.").

[4] *See In re Gray*, 162 F.3d 1172 (10th Cir. 1998) (unpublished); *State of Kan. v. Call*, 961 F.2d 220 (10th Cir. 1992) (unpublished); *Smith v. Cromer*, 159 F.3d 875, 878 (4th Cir. 1998); *Edwards v. Dep't of Justice,* 43 F.3d 312, 317 (7th Cir. 1994).

defendant's constitutional argument and specifically stated that "there are limits upon the due process which is accorded a defendant in presenting his defense, and further, that the right to compulsory process is not absolute."[5] The circuit court found that the district court conducted the proper balancing test and affirmed its decision that the defendant's constitutional claims did not override the government's claim of privilege.[6]

Distinguishing another case, *In re Gray*, Defendant argues that the Tenth Circuit did not address the constitutional challenges raised in that case. The defendant there served a subpoena on a Federal Bureau of Investigations Special Agent in his underlying state court criminal proceeding. The government removed the subpoena issue to federal district court, where the court quashed the state court subpoena. On appeal, the Tenth Circuit held that the agent could not be required to release information when prohibited by valid federal regulations under *Touhy*. Defendant is correct that the court did not address the defendant's argument that his constitutional rights in the criminal proceedings may be compromised. However, the court explained that the defendant's constitutional claims were not ripe for adjudication because he had other remedies available, including an action in federal court pursuant to the Administrative Procedure Act.

As in *In re Gray*, Defendant's constitutional claims are not ripe for adjudication because he has not exhausted his administrative remedies. The record shows no effort by Defendant to follow Social Security's regulations in requesting information. Moreover, Defendant did not file an action in federal court. Instead, Defendant acted in state court where sovereign immunity

---

[5] *Smith*, 159 F.3d at 882.

[6] *Id*. at 883.

4

protected Social Security from suit absent waiver.  Social Security did not waive its rights under the immunity, but removed this case to federal court.  Upon removal, this Court inherited the state court's lack of jurisdiction and cannot compel production.  Even if the Court were to have jurisdiction over the matter, Defendant's constitutional claims are not ripe for adjudication.  Accordingly, the Court must dismiss the state court motion to compel.

### III.  CONCLUSION

It is therefore

ORDERED that Respondent's Motion to Dismiss for Lack of Jurisdiction (Docket No. 3) is GRANTED.

The Clerk of the Court is directed to close this case forthwith.

DATED this 18th day of October, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge